# KURKOWSKI LAW, LLC

**By: Daniel M. Kurkowski, Esquire (N.J. 020822006)**
1252 Route 109 S.
Cape May, New Jersey 08204
(609) 884-1788; Fax (609) 884-1163
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN, NEW JERSEY

| | |
|---|---|
| CHRISTINE TILLEY,<br><br>*Plaintiffs*,<br><br>v.<br><br>MPI INDUSTRIES, LLC; AND JOHN DOE INDIVIDUALS AND/OR BUSINESS ENTITIES (PLURAL 1-10) *jointly, severally and in the alternative*,<br><br>*Defendants*. | Case No.:<br><br><br>Civil Action<br><br><br><br>**COMPLAINT AND JURY DEMAND** |

## COMPLAINT

Plaintiff, Christine Tilley, residing on Brookshire Drive, Davenport, Florida, by and through her counsel, Daniel M. Kurkowski, Esq., of Kurkowski Law, LLC, brings this Complaint against MPI Industries, LLC, and John Doe Individuals and Business Entities (Pl. 1-10) and avers as follows:

## INTRODUCTION

1. Plaintiffs bring this Complaint seeking recovery against Defendant for Defendant's violations of the Fair Labor Standards Act, as amended ("FLSA"), 29 U.S.C. § 201 *et seq.* for unpaid pay/wages; the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a, *et seq.* for unpaid pay/wages, and the New Jersey Conscientious Employee

1

Protection Act, N.J.S.A. 34:19-1 ("CEPA"), *et seq*. for unlawful whistleblower retaliation.

## PARTIES

1. Plaintiff, Christine Tilley, ("Plaintiff") is an individual and citizen of both the State of Florida and the United States of America, with a residential address on Brookshire Drive, Davenport, Florida.

2. Defendant, MPI Industries, LLC ("MPI" or "Defendant") is, upon information and belief, a private business with a principal place of business located at 731 Blackhorse Pike, Blackwood, Camden County, New Jersey, and address for service at 19950 West Country Club Drive, Suite 101, Aventura, FL 33180.

3. John Doe Individuals and Business Entities (Plural 1-10) are fictitious names and whose identities are unknown to Plaintiffs at the time of the filing of this Complaint and Plaintiffs seek to preserve their rights to amend the Complaint pursuant to the John Doe Rule if additional names of individuals or other business entities become known.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331.

2. This Court also has supplemental subject matter jurisdiction over the state law claim under the NJWHL and CEPA pled in this Complaint. 28 U.S.C. §1367.

3. Venue is appropriate in this judicial district as a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district; and, Defendant has sufficient contacts in this jurisdiction to be subject to personal jurisdiction herein. 28 U.S.C. §1391(b).

4. At all times relevant hereto Plaintiffs performed duties for Defendant's business located in Camden County, New Jersey within the jurisdiction and venue of this Court.

5. At all times relevant to this Complaint, MPI was and is an employer and enterprise engaged in interstate commerce as defined by 29 U.S.C. §§ 201 and 203.

## FACTS RELEVANT TO ALL COUNTS

1. Plaintiff was hired by the MPI, in or about August 2013, as its Accounts Payable employee.

3. Plaintiff was an adequate, if not excellent, Accounts Payable employee for MPI.

4. MPI provides telecommunication infrastructure and site development, constructs telecommunication towers, lays fiber optic cable, provides servicing and maintenance and provides other related services.

5. Plaintiff was paid a salary of approximately $54,000.00 per year to work for MPI.

6. Plaintiff was paid her salary on a weekly basis.

7. For time period(s) in 2016 and 2017, Defendant failed to pay Plaintiff her salary and Defendant's owner and CEO continuously promised Plaintiff that she would be paid at a future date.

8. Plaintiff continued to work for Defendant despite not being paid, based on the representations of its owner that she would be paid at a future date.

9. Plaintiff, other employees and former employees repeatedly reported, disclosed and/or objected to the failure of Defendant to pay them for all hours they worked to Defendant's administrator because they correctly believed they should be paid for all hours worked and that not paying them for all hours violated a law, rule or regulation promulgated pursuant to law or otherwise violated public policy.

10. Plaintiff was continuously promised that she would be paid for all hours worked.

11. In February 2017, MPI was purchased by another company.

12. The previous owner of MPI had taken significant draws from MPI during the period of approximately August 2016 through approximately February 2017, but failed to pay Plaintiff and other employees' pay/wages for hours worked.

13. Plaintiff was not paid five (5) weeks of pay.

14. Defendant owes Plaintiff $5,125.00 for pay/wages she was not paid for time she worked for Defendant.

15. Plaintiff complained to Defendant multiple times that she had not been paid for weeks of time she worked for Defendant's benefit.

16. MPI entered into a security agreement with the new business entity in August 2016.

17. Plaintiff complained, disclosed and reported to MPI's owners or administrators that she was not paid pay/wages in 2016 and 2017.

18. On January 19, 2017, Plaintiff requested that she be paid the money Defendant owed her to which Defendant did not respond.

19. On January 23, 2017 at 11:31 am, Plaintiff wrote an email titled "FORMAL NOTICE FOR BACK WAGES" to Defendant's owner and CEO threatening to file a wage and hour claim/lawsuit if she was not paid the back-owed pay/wages she was owed.

20. On January 23, 2017 at 11:47 am, Defendant's CEO wrote an email to Defendant's CFO, stating his intention to terminate Plaintiff.

21. Defendant's CEO then sent Plaintiff a backdated termination letter, dated January 20, 2017, in bad faith.

22. Defendant has continued to fail to pay Plaintiff.

23. Defendant has violated the FLSA and NJWHL by failing to pay Plaintiff her pay/wages for

all hours worked.

24. Defendant's actions or inactions violate the FLSA and NJWHL, which state that employees must be paid for all hours worked.

25. Plaintiff repeatedly reported and objected to not being paid to Defendant's owner and CEO because she reasonably believed she and others should be paid for all hours worked and that the practice of not paying employees for the time they worked violated a law, rule or regulation promulgated pursuant to law or otherwise violated public policy.

26. Plaintiff threated to file a wage and hour claim/lawsuit based on her and others not being paid for time she worked for Defendant, Plaintiff was terminated within minutes of such communication to Defendant's CEO and Defendant's actions violate CEPA.

27. Plaintiff was a stellar employee for the entirety of her career, free of discipline, until Defendant subjected Plaintiff to discriminatory, retaliatory and/or pretextual termination of employment.

28. As result of Plaintiff's reports and objections, Plaintiff was subject to adverse employment action in the form of retaliatory termination of her employment, administered by Defendant, in retaliation for her disclosures and objections to Defendant's violations of law, rule, regulation or public policy and threat to file a complaint over such unlawful activity or failure to act and pay her what she is owed.

## COUNT ONE (FLSA)

1. Plaintiff repeats the allegations contained in the preceding Facts Relevant to All Counts Section and incorporates them as Paragraph 1 of this Count One as though they were fully set forth at length herein.

2. At all times relevant to Plaintiff's claims, she was an employee of Defendant.

3. As set forth herein, Defendant unlawfully failed and refused to pay Plaintiff's pay/wages for all hours worked during a workweek.

4. In addition to pay/wages owed, Plaintiff is also entitled to an award of liquidated damages in an amount equal to the wages owed.

5. Defendant, by the above acts, has violated the overtime provisions of the Fair Labor Standards Act, warranting an award of pay/wages due and an award of liquidated damages.

6. Said violations have been willful within the meaning of 29 U.S.C. §255.

7. As a direct and proximate result of Defendant's conduct in violations of the FLSA aforesaid, Plaintiff has suffered economic damages.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgement;

   a. declaring that the acts and practices complained of herein are in violation of the FLSA;

   b. declaring that the acts and practices complained of herein are willful violations within the meaning 29 U.S.C. Sec. 255(a);

   c. enjoining and restraining permanently the violations alleged herein, pursuant to 29 U.S.C. Sec. 217;

   d. directing Defendant to make Plaintiff whole for all unpaid pay/wages due as a consequence of Defendant's violation of the FLSA, together with interest thereon from the date(s) such wages were due but unpaid;

   e. directing Defendant to pay Plaintiff an additional amount of liquidated damages as provided for in 29 U.S.C. Sec. 216(b);

   f. awarding Plaintiff the costs of this action together with reasonable attorney's fees,

as provided for in 29 U.S.C. Sec. 216(b); and

g. granting such other and further relief as this Court deems necessary and proper.

## COUNT TWO (NJWHL)

1. Plaintiff repeats the allegations contained in the preceding Facts Relevant to All Counts Section and incorporate them as Paragraph 1 of this Count Two as though they were fully set forth at length herein.

2. At all times relevant to Plaintiff's claims, she was an employee of Defendant.

3. As set forth herein, Defendant unlawfully failed and refused to pay Plaintiff's pay/wages for all hours worked during a workweek.

4. Defendant, by the above acts, has violated the overtime provisions of the New Jersey Wage and Hour Law, warranting an award of pay/wages due.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgement;

a. declaring that the acts and practices complained of herein are in violation of the NJWHL;

b. directing Defendant to make Plaintiff whole for all unpaid pay/wages due as a consequence of Defendant's violation of the NJWHL, together with interest thereon from the date(s) such pay/wages were due but unpaid;

c. awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided for in N.J.S.A. 34:11-56(a)(25); and

d. granting such other and further relief as this Court deems necessary and proper.

## COUNT THREE (CEPA)

1. Plaintiff repeats the allegations contained in the preceding Facts Relevant to All Counts Section and incorporate them as Paragraph 1 of this Count Three as though they were

fully set forth at length herein.

2.  At all times relevant to Plaintiff's claims, she was an employee of Defendant.

3.  Plaintiff reported, disclosed and objected to practices of Defendant which she reasonably believed violated a law, rule, regulation and/or public policy as set forth herein.

4.  Plaintiff threatened to disclose to a public body practices of Defendant which she reasonably believed violated a law, rule, regulation and/or public policy as set forth herein.

5.  As set forth herein, Defendant unlawfully retaliated against Plaintiff for her reports, disclosures, and objections to Defendant's failure to pay Plaintiff pay/wages she was owed for time spent and work performed for Defendant and terminated Plaintiff.

6.  Defendant, by the above acts, has violated CEPA, and as a result of Plaintiff's objections and disclosures, Defendant retaliated against Plaintiff with regard to the terms and conditions of Plaintiff's employment by terminating Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against defendants, jointly, severally and in the alternative, for damages including front pay, back pay, compensatory damages, punitive damages, emotional distress damages, interest, attorney's fees, costs and such other relief as the court deems equitable and just.

KURKOWSKI LAW, LLC

*/s/   Daniel Kurkowski*
Daniel M. Kurkowski, Esq.
Attorneys for Plaintiff

Dated: May 11, 2017

## CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify that there are no other actions to my knowledge pending in any Court concerning the subject matter of the Complaint contained

herein. I further certify that there are no other parties to my knowledge who should be joined in this action at this time.

Nothing contained in this Complaint shall be construed or deemed an admission, of any kind, against Plaintiffs. This is not a verified complaint and is a document prepared by counsel.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

KURKOWSKI LAW, LLC

*/s/ Daniel Kurkowski*
Daniel M. Kurkowski, Esq.
Attorneys for Plaintiff

Dated: May 11, 2017

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure for all issues so triable.

KURKOWSKI LAW, LLC

*/s/ Daniel Kurkowski*
Daniel M. Kurkowski, Esq.
Attorneys for Plaintiff

Dated: May 11, 2017

## DEMAND TO PRESERVE EVIDENCE

1. All Defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's causes of action and/or prayers for relief, to any defenses to the same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheet,

employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, Google+, Snapchat, etc.) and any other information and /or data and/or things and/or documents, including specifically but not limited to the time cards, time sheets, and/or log books and all payroll records (both physical documents and electronic documents and/or data), which may be relevant to any claim or defense in this litigation.

2. Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

                                            KURKOWSKI LAW, LLC

                                            */s/      Daniel Kurkowski*
                                            Daniel M. Kurkowski, Esq.
                                            Attorneys for Plaintiff

Dated: May 11, 2017